# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS MODJEWSKI,**

        Plaintiff,

  -vs-                                              **Case No. 11-C-8**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        Defendant.

# DECISION AND ORDER

Thomas Modjewski ("Modjewski") appeals from the Social Security Administration's denial of his request for disability benefits. Modjewski's impairments stem from a severe car accident in 1999. Modjewski suffers from back pain and headaches, as well as concentration and memory problems. The ALJ found that Modjewski has the residual functional capacity to perform light work except he can only lift 5 pounds frequently, has a sit/stand option, can do only occasional stooping, crouching, crawling and fine manipulation with his left (non-dominant) hand, and work which is simple, routine and repetitive.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000).

The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and her conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

In proceeding through the five-step process, the ALJ found that Modjewski's mental impairment did not meet or equal Listing 12.02. The ALJ found that the Paragraph B criteria were not satisfied because Modjewski's mental impairment "does not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration." R. 55. However, the ALJ did not cite any medical evidence in the record to support this conclusion. Therefore, it appears that the ALJ impermissibly "played doctor" by drawing medical conclusions about Modjewski without relying on medical evidence. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("The Commissioner's determination must be based on testimony and medical evidence in the record. And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). On remand, the ALJ should develop the record on the issue of equivalence. SSR 96-6p, 1996 WL 374180, at *3 (S.S.A.) ("longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals

-2-

Council must be received into the record as expert opinion evidence and given appropriate weight").

Modjewski also argues that the ALJ erred by failing to incorporate limitations as to concentration, persistence and pace into his finding on RFC. Limiting a claimant to work that is "simple, routine and repetitive" is generally insufficient in this context. *O'Conner-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). Use of the phrase "concentration, persistence and pace" is not a "per se requirement," and reviewing courts "have assumed a VE's familiarity with a claimant's limitations, despite any gaps in the hypothetical, when the record shows that the VE independently reviewed the medical record or heard testimony directly addressing those limitations." *Id.* But this assumption does not apply where, as here, "the ALJ poses a series of increasingly restrictive hypotheticals to the VE, because in such cases we infer that the VE's attention is focused on the hypotheticals and not on the record." *Id.* Therefore, the VE's testimony does not constitute substantial evidence of the jobs Modjewski can perform.

Finally, Modjewski argues that the ALJ failed to adequately consider a functional capacity evaluation (FCE) prepared in March of 2006. The ALJ reasoned that this FCE indicated that Modjewski could "possibly" perform "light work." R. 57. However, it appears that the ALJ mischaracterized the substance of the FCE and therefore failed to build an accurate and logical bridge to the conclusion that Modjewski could perform light work. *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010); *Clifford*, 227 F.3d at 872. The FCE should be given further consideration on remand.

-3-

**IT IS HEREBY ORDERED THAT** Modjewski's motion for summary judgment [D. 10] is **GRANTED**; the Commissioner's denial of benefits is **REVERSED**; and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 12th day of October, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**